UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY | Civil Action No. 3:21-cv-250-DJH |
| PLAINTIFF | |
| v. | |
| STEPHANIE SMITH a/k/a STEPHANIE LOGSDON | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| SERVE: Stephanie Smith a/k/a Stephanie Logsdon 223 Summers Dr. Louisville, KY 40229 | |
| BRIDGETT PARSON | |
| SERVE: Bridgett Parson Dennis 6311 Southside Dr. Louisville, KY 40214 | |
| ALAYNA MUSINSKI, as ADMINISTRATRIX OF THE ESTATE OF CAMMIE MUSINSKI | |
| SERVE: Alayna Musinski 263 Eldorado Ave. Louisville, KY 40218 | |
| and | |
| RONALD R. TYLER | |
| SERVE: Ronald R. Tyler 568 Steven Drive Shepherdsville, KY 40165 | |
| DEFENDANTS | |

\* \* \* \* \*

Comes the Plaintiff, State Farm Fire and Casualty Company ("State Farm"), by counsel, and for its Complaint for Declaratory Judgment, states as follows:

## PARTIES

1. State Farm Fire and Casualty Company is an insurance company licensed to do business in the Commonwealth of Kentucky, is incorporated and maintains its principal place of business in the State of Illinois, and is the Plaintiff in this case.

2. Stephanie Smith, a/k/a Stephanie Logsdon, is believed to be a citizen of Jefferson County, Kentucky, and is a Defendant in this case.

3. Bridgett Parson, n/k/a Bridgett Dennis is believed to be a citizen of Jefferson County, Kentucky, and is a Defendant in this case.

4. Alayna Musinski is the Administratrix of The Estate of Cammie Musinski, is believed to be a citizen of Jefferson County, Kentucky, and is a Defendant in this case.

5. Ronald R. Tyler is believed to be a citizen of Bullitt County, Kentucky, and is a Defendant in this case.

## JURISDICTION

6. Because the amount in controversy in the underlying action, as claimed by Defendants Smith, Parson and Musinski, exclusive of interest and costs, exceeds $75,000, and this action involves a controversy between citizens of different states, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Because the underlying action involves claims for deprivation of federal constitutional and civil rights, this Court may also have federal question jurisdiction pursuant to 42 U.S.C. § 1983 and supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because the claims asserted in this lawsuit in part arise out of acts or omissions which took place within the Western District of Kentucky.

8. Based upon these allegations and other facts in the underlying litigation, this Court has jurisdiction over the Complaint and venue is proper.

## REQUEST FOR DECLARATORY JUDGMENT

9. Defendants Smith, Parson and Musinski allege that they suffered injuries as a result of alleged sexual abuse and harassment while attending meetings with their probation officer, Defendant Tyler, in 2017 and 2018, and contend that they are entitled to damages based on violations of their constitutional and civil rights and tortious conduct by Defendant Tyler, all as more specifically set forth in their Complaint and Amended Complaint (copies attached as Ex. A and B) filed in *Stephanie Smith et al. v. Ronald Tyler et al.*, Case No. 3:19-cv-00721-CHB-CHL (W.D. Ky.) (Louisville Division).

10. During the relevant times, State Farm insured Defendant Tyler under a homeowners policy (certified copy of policy attached as Exhibit C) in part providing liability coverage for claims for bodily injury based on the terms and conditions of the policy, and has provided a defense to Defendant Tyler under a reservation of rights.

11. There are questions, however, as to whether the allegations asserted by Defendants Smith, Parson and Musinski against Defendant Tyler in the underlying action are covered under State Farm's policy including, but not limited to, whether the claimed bodily injury was caused by a covered occurrence; whether the claimed bodily injury was either expected or intended by the insured; whether the claimed bodily injury was the result of willful and malicious acts of the insured; whether the claimed bodily injury arose out of the insured's business pursuits; and

whether the claimed bodily injury arose out of the rendering or failure to render professional services by the insured.

12. Pursuant to 28 U.S.C. § 2201 an actual controversy exists as to the availability of coverage for the allegations of Defendants Smith, Parson and Musinski, and State Farm as a company interested under a contract of insurance may obtain a declaration of rights pursuant to 28 U.S.C. § 2201 and declaratory judgment pursuant to Fed.R.Civ.P. 57.

13. Upon information and belief, all persons having an interest in the coverage questions to be presented for declaratory judgment are currently parties to this action.

WHEREFORE, the Plaintiff, State Farm Fire and Casualty Company, requests declaratory judgment and a declaration of rights as to the available coverages under its homeowners policy which may cover Defendant Ronald R. Tyler for the allegations of Defendants Smith, Parson and Musinski based upon the applicable facts and policy language, trial by jury if necessary, and for all other relief to which this Plaintiff may be entitled.

BOEHL STOPHER & GRAVES, LLP

*/s/ David T. Klapheke*
David T. Klapheke (KBA #86153)
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone: (502) 589-5980
dklapheke@bsg-law.com
COUNSEL FOR PLAINTIFF